IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| SAMUEL L. ALEXANDER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. RWT 05-1784 |
| | ) |
| EQUIFAX CREDIT | ) |
| INFO. SERVS., INC., et. al. | ) |
| | ) |
| Defendants. | ) |
| | ) |

**MEMORANDUM OPINION GRANTING
DEFENDANTS' JOINT MOTION**

Pursuant to the referral of this case to me for resolution of discovery disputes, the Court has received and reviewed Defendants' Joint Motion for Sanctions and Second Motion to Compel Plaintiff to Attend His Deposition and for an Extension of Time For Defendants to File Motions for Summary Judgment ("Defendants' Motion") (Docket Item No. 44). Plaintiff's response has been outstanding since April 6, 2006. No hearing is deemed necessary. Local Rule 105.6 (D. Md.). For the reasons below, the Court hereby GRANTS Defendants' Motion.

**I.  BACKGROUND**

The initial Scheduling Order in this case set January 19, 2006 as the discovery deadline and February 21, 2006 as the dispositive motions deadline. (Docket Item No. 12). On December 29, 2005, Experian served a Notice of Deposition ("Deposition Notice"), setting Plaintiff's deposition for January 13, 2006. By letter dated January 8, 2006, Plaintiff informed Experian's counsel that he would not appear for deposition prior to January 19, 2006. Plaintiff

1

was informed, by letter dated January 10, 2006, "unless we mutually agreed upon a date and time for the taking of your deposition, which deposition must occur prior to January 19, 2006, I expect you to appear for your deposition on January 13, 2006, at 9:30.a.m. If you do not, I will file an appropriate motion with the Court."

On January 12, 2006, Experian's counsel called Plaintiff to discuss scheduling his deposition prior to January 19, 2006. Defendants' counsel's letter, memorialized Plaintiff's refusal to appear:

> [Y]ou confirmed that you will not appear for your deposition that is scheduled for tomorrow, Friday, January 13, 2006 and would not agree to reschedule it for next week. As a result, I informed you that I would proceed in accordance with the letter that you received yesterday for your unexcused failure to attend your deposition or reschedule it prior to January 19, 2006.

As a result, on January 19, 2006, Experian filed a Motion to Compel Plaintiff's deposition.

On February 23, 2006, the Court entered an order ("February Order") compelling Plaintiff to appear for deposition "within the next twenty (20) days . . . at a date and time convenient to the parties. Upon receipt of this Order, Plaintiff and counsel will discuss Plaintiff's availability immediately." (Docket Item No. 39). Plaintiff was then admonished, "This Court will not countenance further obstruction or noncompliance with the Federal Rules of Civil Procedure or the Local Rules of this Court."

Pursuant to the February Order, Plaintiff's deposition was scheduled for March 10, 2006. On March 7, 2006, Plaintiff filed a Motion to Reconsider the February Order. On March 8, 2006, Plaintiff confirmed his intent to attend his scheduled deposition. On March 9, 2006, however, Plaintiff telephoned counsel and, again, unilaterally canceled his deposition. On March 16, 2006, the Court denied Plaintiff's Motion to Reconsider the February Order. (Docket

Item No. 43). On March 17, 2006, Plaintiff informed Defendants he intended to appear for deposition. On March 20, 2006, however, Plaintiff retracted his agreement to appear for his court-ordered deposition in order "to file [his] objections to the Magistrate's Order." Again as a result of Plaintiff's actions, Defendants have not been able to take Plaintiff's deposition. Having no opposition to the present motion, the Court now accepts the uncontested representations of Defendants as true.

Defendants' Motion seeks: (1) sanctions pursuant to the Federal Rule of Civil Procedure for Plaintiff's failure to appear for his court-ordered deposition; (2) an order compelling Plaintiff's deposition attendance; and (3) an extension of the dispositive motions deadline.

## II.  DISCUSSION

The Federal Rules of Civil Procedure authorize a court to issue an order compelling discovery. Fed. R. Civ. P. 37(a) . Such an order issued from this Court in February 2006. In the event that a party fails to obey an order compelling discovery, Rule 37(b)(2) expressly authorizes the court to make any orders that are "just" with regard to the party's failure to obey. Plaintiff has failed to attend his deposition for a second time, this time in contravention to an order of the Court. The Federal Rules provide no exceptions to the duty to obey the court's orders with respect to compelled discovery. Moreover, it is well-settled that the award of sanctions for a party's refusal to obey an order compelling discovery is within the discretion of this Court. *Wilson v. Volkswagen of Am., Inc.*, 561 F.2d 494, 505 (4th Cir. 1977).

Plaintiff has flagrantly disobeyed this Court's February Order mandating that Plaintiff be deposed expeditiously. The agreement of the parties moved Plaintiff's deposition outside of the Court-ordered time frame of twenty days. Plaintiff's failure to be present at the agreed upon date

violated this Court's order. Defendants note, "Plaintiff's failure to appear for his deposition as ordered has placed this case in a stand still and has necessitated the filing of multiple motions." Defendants' Motion at 4.

At this time, the Court invites Defendants to each file a motion for sanctions with an affidavit in support of any financial losses incurred as a result of Plaintiff's failure to appear for the court-ordered deposition including preparation of the instant motion and forthcoming motion for sanctions, if any. Each motion shall be filed within twelve days of the date of this opinion and Plaintiff's response thereto shall be filed within five days thereafter.

Plaintiff shall submit to a deposition until completed at the date and time specified by Defendants at the law offices of Schulman, Rogers, Gandal, Pordy & Ecker, P.A. in Rockville, Maryland. Plaintiff shall be deposed within twenty (20) days of this opinion.

The discovery shall close and status reports shall be due within thirty days from this order. The dispositive motions deadline shall be extended to thirty (30) days after the close of discovery.

Plaintiff is hereby warned that this Court has considered the sanction of dismissal. Such a remedy is not appropriate on the present record. "Dismissal under Rule 37(d) should be limited to 'the most flagrant case, where the party's noncompliance represents bad faith and callous disregard for the authority of the district court and the rules.'" *Zornes v. Specialty Indus., Inc.*, 166 F.3d 1212, 1998 WL 886997, *13 (4th Cir. 1998) (*citing Mutual Fed. Sav. & Loan Ass'n v. Richards & Assocs. Inc.,* 872 F.2d 88, 92 (4th Cir. 1989)). Plaintiff is now twice warned that "This Court will not countenance further obstruction or noncompliance with the Federal Rules of Civil Procedure or the Local Rules of this Court."

## III.  CONCLUSION

For the forgoing reasons, Defendants' Joint Motion for Sanctions and Second Motion to Compel Plaintiff to Attend His Deposition and for an Extension of Time For Defendants to File Motions for Summary Judgment is GRANTED.

/s/
Charles B. Day
United States Magistrate Judge
May 30, 2006

CBD:jab